UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Dewayne Irick, #13480-021, ) | C/A No. 8:12-2415-SB-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Mildred Rivera, Warden, FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a federal inmate housed at Federal Correctional Institution-Estill, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Proceeding *pro se*, Petitioner seeks a reduction in his sentence imposed by the United States District Court for the Southern District of Georgia. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the petition and applicable law, the undersigned recommends that the petition be summarily dismissed.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

When a federal court is evaluating a *pro se* petition, the petitioner's factual allegations are assumed to be true. *See Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). But even under this less stringent standard, it plainly appears from the instant petition that this Court lacks jurisdiction to hear Petitioner's case. Accordingly, the petition submitted in this case should be summarily dismissed.

Background

According to Petitioner (*see generally* ECF No. 1-1), he pleaded guilty to charges of armed robbery, 18 U.S.C. § 2113(a), (d), and using or carrying a firearm during a robbery, 18 U.S.C. § 924(c). On September 3, 2008, he received a sentence of 304 months imprisonment as a "career offender." Petitioner did not file a direct appeal of his sentence, and the sentencing court dismissed as untimely his petition under 28 U.S.C. § 2255.[1] *Irick v. United States*, Nos. CV608-099, CR608-001, 2009 WL 3401713 (S.D. Ga. Oct. 21, 2009). Petitioner failed to appeal that finding, and the sentencing court dismissed as successive a second § 2255 motion. *Irick v. United States*, Nos. CV608-099, CR608-001, 2011 WL 1321608 (S.D. Ga. Mar. 3, 2011) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Discussion

The petition presents the threshold question of whether Petitioner properly raises his claims in this Court pursuant to 28 U.S.C. § 2241. Seeking judicial review under § 2241

---

[1] Petitioner states that this motion was "voluntarily dismissed" (ECF No. 1 at 5), but the court did not allow Petitioner to withdraw his motion and denied it on the merits. *Irick*, 2009 WL 3401713, at *2 ("He thus has fired his one § 2255 shot.").

in the district of confinement is reserved for attacks against "the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). A motion under 28 U.S.C. § 2255 is utilized to attack a sentence as it was imposed, rather than as the sentence is being executed. *United States v. Snow*, 748 F.2d 928, 934 (4th Cir. 1984) (quoting *Freeman v. United States*, 254 F.2d 352, 353–54 (D.C. Cir. 1958)). As Petitioner is attacking the validity of his 304-month sentence, his claim would usually be brought under § 2255 in the sentencing court. *See United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).

Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a prisoner's detention when a § 2255 petition is "inadequate or ineffective" to test the legality of his detention. *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010). But the Fourth Circuit Court of Appeals has held,

> It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions. Nevertheless, there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless.

*In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Hence, in the Fourth Circuit, the savings clause may be invoked when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

4

*Id.* at 333–34. Therefore, the savings clause is not available to a petitioner merely because his prior § 2255 motion was unsuccessful, *see id.* at 333, or because he is unable to meet the requirements to file a successive § 2255 motion, *see San-Miguel v. Dove*, 291 F.3d 257, 261 n.2 (4th Cir. 2002).

In this case, Petitioner argues that the savings clause allows him to bring his claim within a § 2241 petition before this Court, but the undersigned disagrees. Petitioner does not allege that the substantive law changed such that the conduct of which Petitioner was convicted in federal court is now deemed not to be criminal. Instead, Petitioner contends that *Carachuri–Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), a case decided after his § 2255 petition, invalidates his classification as a career offender. Accordingly, Petitioner argues, his current sentence is a "'miscarriage of justice," resulting in his "unlawful detention." (ECF No. 1 at 11).

Underlying Petitioner's argument is a belief that *Carachuri* held that it is unconstitutional to use a prior conviction to enhance a later sentence when the sentence served for the predicate offense is less than one year. Because the imposition of his present sentence was based on a prior conviction for which he was not imprisoned for more than a year, Petitioner asserts the Supreme Court has rendered his current sentence unconstitutional. Thus, Petitioner alleges that the "savings clause" should be invoked because he is "actually innocent" of his sentence enhancement.

The Fourth Circuit, however, has not yet extended the reach of the savings clause to petitions which challenge only a sentence. *Poole*, 531 F.3d at 267 n.7. Accordingly, Petitioner's action, seeking a determination that he is actually innocent of a sentence

5

enhancement, fails to state a cognizable § 2241 claim. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Moreover, the Supreme Court has not held that the holding in *Carachuri-Rosendo* is to be applied retroactively to cases on collateral review.

Petitioner also relies on the holding of our Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which overruled *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). In overruling *Harp*, the Fourth Circuit Court of Appeals held in *Simmons* that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.

*Simmons*, however, was a direct appeal, not a collateral attack, as is Petitioner's motion. The Supreme Court has held that new rules of criminal procedure do not apply retroactively to cases already final on direct review. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004). And recently, the Fourth Circuit decided that *Carachuri* was a "procedural rule" and, therefore, is "not retroactively applicable to cases on collateral review." *United States v. Powell*, ___ F.3d ___, 2012 WL 3553630, at *5 (4th Cir. Aug. 20, 2012).

As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition,

6

and has not shown that the cases he cites for authority have been made retroactive to cases on collateral review, this matter should be dismissed.

## Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

October 4, 2012
Greenville, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).