IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC. CLERK, RECEIVED
CHARLESTON, SC

2012 DEC 11   A 9:49

Danny Dewayne Irick, #13480-021,       )
                                       )
            Petitioner,                )
                                       )   Civil Action No. 8:12-2415-SB
v.                                     )
                                       )   **ORDER**
Mildred Rivera, Warden, FCI Estill,    )
                                       )
            Respondent.                )
_____)



This matter is before the Court upon Danny Dewayne Irick's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a United States Magistrate Judge for initial screening. On October 4, 2012, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the instant petition without prejudice. Irick filed objections to the R&R, and the matter is ripe for review.

## BACKGROUND

According to the Petitioner, who is a federal inmate housed at the Federal Correctional Institution in Estill, South Carolina, he pleaded guilty to charges of armed robbery, 18 U.S.C. § 2113(a), (d), and using or carrying a firearm during a robbery, 18 U.S.C. § 924(c). On September 3, 2008, he was sentenced as a "career offender." He did not file a direct appeal of his sentence, and the sentencing court dismissed as untimely a petition he filed pursuant to 28 U.S.C. § 2255. See Irick v. United States, 2009 WL 3401713 (S.D. Ga. Oct. 21, 2009). The Petitioner did not appeal the dismissal of his section 2255 motion. The sentencing court subsequently dismissed a second section 2255

motion as untimely; however, Irick asserts in his objections that this was not a second section 2255 motion, but was a brief in support of his initial section 2255 motion. Irick v. United States, 2011 WL 1321608 (S.D. Ga. March 3, 2011) (citing 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h)).

## DISCUSSION

Federal prisoners must pursue post-conviction relief by filing a motion pursuant to 28 U.S.C. § 2255; however, section 2255 contains a "savings clause" that allows federal prisoners to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] A section 2255 motion is "inadequate or ineffective" when three criteria are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In addition to the foregoing, the Fourth Circuit has not extended the reach of the savings clause to those petitioners challenging only their sentences. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)).

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

2

Here, the Petitioner argues that the savings clause allows him to bring his claim pursuant to section 2241 because the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, – U.S. –, 130 S.Ct. 2577 (2010), invalidated his classification as a career offender. Further, the Petitioner relies on the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), where the court relied on <u>Carachuri-Rosendo</u> and overruled <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005), ultimately holding that under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime punishable by more than one year only if an offender with the same prior record level who was convicted of similar aggravating factors could have received a sentence exceeding one year.

As previously noted, the Fourth Circuit has not extended the reach of the savings clause to petitions that challenge only a sentence. See <u>United States v. Pettiford</u>, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes and not from the legal classification of the predicate crimes"). Moreover, the Supreme Court has not held that <u>Carachuri-Rosendo</u>–the case on which <u>Simmons</u> is based–applies retroactively to cases on collateral review. In fact, the Fourth Circuit recently held that <u>Carachuri-Rosendo</u> is "*not* retroactively applicable to cases on collateral review." <u>United States v. Powell</u>, 691 F.3d 554, 560 (4th Cir. 2012) (emphasis added). Based on the foregoing, the Magistrate Judge determined that the Petitioner failed to satisfy the savings clause.

In his objections to the R&R, the Petitioner first claims that he has only filed one prior section 2255 motion and not two as stated by the Magistrate Judge. Next, the

3

Petitioner claims that the Fourth Circuit and this Court "possess the inherent authority to make a Supreme Court decision substantive and retroactive," and he contends that Carachuri-Rosendo and Simmons should apply retroactively to his case. (Entry 17 at 9-10.) In addition, the Petitioner claims it matters not that Simmons was a direct appeal and not a case on collateral review because Simmons changed Fourth Circuit law. (Id. at 14-15.) Finally, the Petitioner contends that he has established that a section 2255 motion is "inadequate or ineffective" to test his claim and that the savings clause applies to allow him to proceed pursuant to section 2241.

After a review of the record, the Court finds the Petitioner's objections wholly without merit and unsupported by law. Instead, the Court agrees with the Magistrate Judge that the Petitioner's claim is insufficient to invoke the savings clause; section 2241 is not a mere substitute for section 2255, and the inadequacy or inefficacy requirement of the savings clause is quite stringent. As previously noted, the cases on which the Petitioner relies have not been made retroactively applicable to cases on collateral review, and ultimately, the Court agrees with the Magistrate Judge that the Petitioner is barred from proceeding with his habeas corpus action under section 2241. Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 14) is adopted; the Petitioner's objections (Entry 17) are overruled; and this matter is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that: "(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," and "(c)(3) The certificate of appealability . . . shall indicate

4

which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253( c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir.2001). In this case, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

December _10_, 2012
Charleston, South Carolina